(No. 23533.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROY MANNING, Plaintiff in Error.

*Opinion filed December 10, 1936—Rehearing denied Feb. 3, 1937.*

John J. Power, and Elwyn E. Long, for plaintiff in error.

Otto Kerner, Attorney General, Thomas J. Courtney, State's Attorney, and A. B. Dennis, (Edward E. Wilson, John T. Gallagher, Richard H. Devine, and Melvin S. Rembe, of counsel,) for the People.

Mr. Justice Jones delivered the opinion of the court:

Roy Manning was indicted in the criminal court of Cook county. The indictment contained six counts. The first count charged larceny of an automobile. The second charged the defendant with buying, receiving, aiding and concealing a motor vehicle which had theretofore been stolen. The third charged the defendant did alter, destroy and deface the engine number of a motor vehicle and substitute another number in lieu of the original number on the engine. The fourth charged that the defendant did knowingly and unlawfully have the custody of an automobile whose engine number had been effaced and another number substituted for it. The fifth charged the defendant did unlawfully mark and damage a motor vehicle which was the property of another and change its color without the permission of the owner. The sixth count was similar to the fifth, but charged that the body of the motor vehicle had been altered by changing its color from maroon to black without the consent of the owner. The defendant waived a trial by jury and was tried by the court. At the conclusion of the trial, judgment was entered against the defendant on the first count, only. Motions for a new trial and in arrest of judgment were overruled and the defendant was sentenced to the penitentiary.

Two assignments of error are made: (1) That there is a fatal variance between the allegations of the indictment and the proof; and (2) the court erred in overruling defendant's motion for a new trial.

The basis for the first assignment is, that those counts which charged an alteration of the engine number averred that the original number was 254,808, whereas the proof showed that there was a serial letter "R" preceding the number. It is not necessary for us to consider this assignment of error, because the defendant was not convicted under any of those counts. The finding and judgment of the criminal court of Cook county were that he was guilty of theft of a motor vehicle. The effect of that finding is an acquittal on the other five counts of the indictment. *People* v. *Weil,* 243 Ill. 208; *People* v. *Smithka,* 356 id. 624.

The argument made in support of the second assignment of error is that the proof does not establish the guilt of the defendant beyond a reasonable doubt. A review of the evidence is therefore necessary.

On the night of April 21, 1935, the owner of a Chrysler 1929 model "75" roadster automobile parked it in the street in front of his residence. During the night it was stolen. The theft was reported to the police, but the car was not located until three months later, when it was found at the defendant's automobile repair shop. The engine number had been effaced and a new one substituted for it. The top had been taken off, the wind-shield removed, and a portion of the car had been re-painted. The car was re-moved to the police garage on the municipal pier and by scientific process the original number was sufficiently restored to be legible. When the roadster was discovered at the defendant's repair shop the policeman asked him where he got the car, and he replied that Ed Burkhardt, who lived some place on Pine avenue but whose location was unknown to him, had brought the car to the shop for re-painting and had paid $10 down but had never returned. The defendant claimed he got the car on June 29, 1935, and that he had ceased to complete the job of re-painting until an additional deposit was made. Burkhardt was never produced at the trial, and the testimony tends strongly to show that

he was a fictitious person. In fact, there is proof that the defendant was known to certain persons by the name of Ed Burkhardt.

It appears from the evidence that prior to the theft of the roadster the defendant owned a 1929 Chrysler car of the same model as the stolen car and that the engine number of that car was the number which was substituted on the other car. It is urged that the testimony concerning this prior ownership was not admissible, but the contention cannot be sustained in view of the following circumstance in evidence: Defendant was arrested and incarcerated. He employed an attorney, with whom he conferred. Later, the attorney, accompanied by two police officers, visited the defendant at the county jail. One of the officers testified the defendant there admitted he and a man by the name of Ernie Schuler stole the car; that he had changed the motor number; that he had otherwise disguised it and had junked his own car. Proof that he had owned a car bearing the number which was placed on the stolen car in substitution of its correct number was a circumstance tending to prove the guilt of the defendant of the crime charged. If the effort to restore the original number on the stolen car had proven a failure the defendant could have maintained that the car was rightfully his and proved it by the number. However, the test was successful, and it was proper for the People to show that he had previously been the owner of a car bearing the number which he was charged with substituting on the stolen car.

The defendant testified in his own behalf and denied that he made the admissions of guilt in the county jail. However, the police officer testified that he made them, and the defendant did not call his former attorney to the stand or make any explanation of his failure to do so. From the whole record the defendant's guilt was proven beyond a reasonable doubt, and the judgment of conviction will be affirmed.

*Judgment affirmed.*